LOWENTHAL & LOWENTHAL, LLLC
By: JACOB K. LOWENTHAL (9945)
33 North Market Street, Suite 101
Wailuku, Maui, Hawaiʻi 96793
Telephone: (808) 242-5000
Facsimile: (808) 242-1500
Email: jkl@lowenthal-hawaii.com

**Electronically Filed
SECOND CIRCUIT
2CCV-21-0000002
06-JAN-2021
12:47 PM
Dkt. 1 CMPS**

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| JANET BACHMAN,<br><br>         Plaintiff,<br><br>vs.<br><br>KAANAPALI SAILS, INC. dba TERALANI; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE GOVERNMENTAL ENTITIES 1-20.<br><br>         Defendants. | Civil No. _____.<br>(Other Non-Vehicle Tort)<br><br><br>COMPLAINT; SUMMONS. |

Plaintiff, JANET BACHMAN, by and through their attorneys, hereby makes the following claims:

## PARTIES

1. Plaintiff JANET BACHMAN is, and at all times relevant hereto was, a visitor of the County of Maui, State of Hawaii.

2. Defendant KAANAPALI SAILS, INC. dba TERALANI ("TERALANI") is a Hawaii corporation doing business in Hawaii, and subject to the jurisdiction of this Court.

**EXHIBIT 1**

3. Plaintiff is presently unable to ascertain the true names of Defendants John Does 1-20, Jane Does 1-20, Doe Corporations 1-20, Doe Partnerships 1-20, Doe Non-Profit Entities 1-20, Doe Governmental Entities 1-20 (herein Doe Defendants), who are therefore sued herein under fictitious names. Doe Defendants are connected with the named Defendants; and/or are the agents, servants, employees, representatives or independent contractors of the named Defendants; and/or were in some manner engaged in the activities alleged herein; and/or were in some manner responsible for the injuries and damages sustained by Plaintiff. Pursuant to Hawai′i Rules of Civil Procedure Rule 17(d), Plaintiff will seek leave of Court to identify and substitute the true names, capacities, and responsibilities of the Doe Defendants when they are ascertained.

## JURISDICTION AND VENUE

4. The Circuit Court of the Second Circuit, State of Hawaii, has jurisdiction over this matter pursuant to Haw. Rev. Stat. § 603-21.5.

5. Venue is proper pursuant to Haw. Rev. Stat. § 603-36(5) because the claims for relief arose in this Circuit.

## FACTUAL ALLEGATIONS

6. On or about January 9, 2019, Plaintiff was a guest of Defendant TERALANI, a company offering whale watching tours in Maui, Hawaii.

7. A high surf advisory called by the National Weather Service was in effect that day for much of Hawaii, including Maui.

8. Surf was "expected to peak at 12 to 16 feet for east shores of Molokai, Maui and the Big Island. Waves of 15 to 20 feet [were] forecast for the north-facing shores of those three islands."[1]

9. Teralani's method of operation required guests to embark and disembark from the vessels after the vessels beached themselves along the Ka'anapali beach shoreline.

10. That morning, Plaintiff noticed a hotel had closed portions of the beach due to the high waves.

11. The tour was scheduled to begin at 10:00 AM.

12. Plaintiff and her family arrived at the beach shortly beforehand to watch the vessel arrive and beach itself on the sand.

13. It took a considerable amount of time for the last tour guests to disembark due to the high waves because the catamaran was forced to continually back up off the beach, wait for a calm period in between waves, and then moving forward to let guests onto the beach.

14. When it was time for Plaintiff to embark, she, her family, and other guests formed a single line and ran toward the boat stairs in small groups.

15. Everyone got on board without incident.

16. The vessel unbeached itself and the tour began.

17. When arriving back to the beach after the tour around 12:00 PM, the waves were still very high.

18. The employees and/or agents of Teralani began the disembarking process for the tour within the high surf.

19. The catamaran was beached.

---

[1] https://www.hawaiinewsnow.com/2019/01/09/high-surf-warnings-advisories-issued-huge-northeast-swell/

20. Employees and/or agents of Teralani lowered the stairs onto the beach.

21. An employee was positioned at the bottom of the stairs to assist guests onto the beach and to watch for oncoming waves approaching from behind the vessel.

22. The employee would gesture to guests to descend the stairs in small groups, then wait to disembark and run onto the beach to avoid being struck by waves.

23. Plaintiff was instructed to begin descending the stairs and wait on the stairs for her turn to run onto the beach.

24. Plaintiff's family member was directly in front of her and was given the signal by the employee to finish descending the stairs and start running on the beach.

25. Plaintiff's family member did as instructed but was struck by a wave as she touched down on the beach, knocking her down.

26. The employee attempted to render aid when another wave struck them both, causing the employee to be somewhat swept away from the vessel.

27. Plaintiff was at the bottom step holding a nearby support for the stairs with her right arm waiting for the employee to return to signal her to disembark.

28. While Plaintiff waited, a large wave struck the boat from the left.

29. Plaintiff was knocked to the right into the stair support, contorting her right arm and snapping it in a twisting fashion.

30. Plaintiff was brought back up the stairs and laid down on the deck. A make-shift splint was applied as she almost went into shock.

31. After being stabilized, she was forced to descend the same steps to get off the boat and onto the beach.

32. Plaintiff sustained serious injuries to her right arm.

## LIABILITY

### COUNT I – NEGLIGENCE

33. Plaintiff alleges and incorporates by reference all preceding paragraphs of the Complaint as though fully set forth herein.

34. Defendant, by and through their agents, had a duty toward Plaintiff to exercise reasonable care to ensure the safety of patrons and the public such as Plaintiff.

35. Defendant breached their duty to Plaintiff by failing to ensure Plaintiff was safe by inadequately preparing, mistiming, and executing the landing on the beach; and taking guests out in elevated swell conditions.

36. Additionally, Defendant's mode of operation of taking off and landing on the beach with such high swells created a foreseeable risk of harm to Plaintiff.

37. Defendant's breaches and mode of operation were a legal cause of injury to Plaintiff.

### INJURIES AND DAMAGES

38. As a direct and proximate result of the Defendants' actions, Plaintiff sustained injuries for which they are entitled to be compensated, including but not limited to the following:

    a. Past, present and future pain and suffering;

    b. Past, present and future mental distress and anguish;

    c. Health care expenses for past and future treatment related to the above; and

WHEREFORE, Plaintiff respectfully requests the following:

    a. That Defendants be found jointly and severally liable for the injuries, damages and losses described above;

    b.   That appropriate relief be granted, including awards of general, special, consequential, exemplary and punitive damage awards, in amounts to be proven at trial, along with reasonable attorneys' fees and costs, and such other and further equitable relief as the Court deems just and proper.

Dated: Wailuku, Maui, Hawai'i <u>January 6, 2021</u>.

                                                                             /s/ JACOB K. LOWENTHAL  
                                                                            JACOB K. LOWENTHAL  
                                                                            Attorney for Plaintiff

| **STATE OF HAWAI'I** CIRCUIT COURT OF THE SECOND CIRCUIT | **SUMMONS** TO ANSWER CIVIL COMPLAINT | |
|---|---|---|
| CASE NUMBER | PLAINTIFF'S NAME & ADDRESS, TEL. NO. LOWENTHAL & LOWENTHAL, LLLC JACOB K. LOWENTHAL (9945) 33 N Market St, Suite 101 Wailuku HI 96793 | |
| PLAINTIFF JANET BACHMAN | | |
| DEFENDANT(S) KAANAPALI SAILS, INC. dba TERALANI; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE GOVERNMENTAL ENTITIES 1-20. | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to filed with the court and serve upon
LOWENTHAL & LOWENTHAL, LLLC
JACOB K. LOWENTHAL (9945)
33 N Market St, Suite 101
Wailuku HI 96793

_____,
plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

DATE ISSUED _____

Effective Date of 28-Oct- 2019
Signed by: /s/ D. Pellazar Clerk,
2nd Circuit, State of Hawai`i





If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation: Call (808) 244-2855 FAX (808) 244-2932 OR Send an e-mail to: adarequest@courts.hawaii.gov. The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.